■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS GALLO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AGATINO ZITO, Appellant.— In separate *coram nobis* proceedings, defendant Gallo appeals from an order of the County Court, Kings County, dated April 13, 1961; and defendant Zito appeals from an order of said court dated March 21, 1961, which denied, after a hearing, their respective applications to vacate a judgment of the court, rendered December 16, 1957 after a joint jury trial of the said defendants together with one Joseph Pucci, convicting them of robbery in the first degree (two counts) and of kidnapping; sentencing defendant Gallo

to concurrent terms of 10 to 15 years on each of the robbery counts; sentencing the defendant Zito to concurrent terms of 15 to 30 years on each of the robbery counts; and deferring sentence as to each of them on the kidnapping count (see *People* v. *Gallo*, 16 A D 2d 795, revd. 12 N Y 2d 12). Appeal from order, dated April 13, 1961, which denied the defendant Gallo's *coram nobis* application, dismissed. Order dated March 21, 1961, which denied the defendant Zito's *coram nobis* application, affirmed. In our opinion, in view of the reversal on October 25, 1962 by the Court of Appeals of the judgment of conviction as to the defendant Gallo, his present *coram nobis* application has been rendered academic. Such reversal, however, being predicated upon the inadequacy of proof offered as to the guilt of defendant Gallo only, is of no consequence on the *coram nobis* application of the codefendant Zito who failed to appeal from the judgment of conviction (*People* v. *Caminito*, 3 N Y 2d 596, 601). We have examined all of the proof adduced at the *coram nobis* hearings, and conclude that it was properly held that defendant Zito, as well as the defendant Gallo, failed to sustain the burden of establishing their allegations that, by fear and intimidation and by threat of additional sentence upon the kidnapping count, they were prevented from appealing from the judgment of conviction. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.